■ In the Matter of NEW YORK STATE EMPLOYMENT RELATIONS BOARD, Respondent, v CHRIST THE KING REGIONAL HIGH SCHOOL, Appellant. [630 NYS2d 333] —In a proceeding pursuant to Labor Law § 707 to enforce an order of the New York State Employment Relations Board dated November 2, 1990, which, inter alia, directed Christ the King Regional High School to bargain with the Lay Faculty Association, Local 1261, American Federation of Teachers, AFL-CIO, Christ the King Regional High School appeals from an order and judgment (one paper) of the Supreme Court, Queens County (O'Donoghue, J.), dated November 9, 1992, which (1) granted the petition and (2) denied its motion to dismiss the petition.

Ordered that the order and judgment is affirmed, with costs.

The appellant, Christ the King Regional High School, contends that the New York State Labor Relations Act (Labor Law § 700 et seq.) (hereinafter the Labor Relations Act), as applied to a religious school, violates the First Amendment of the United States Constitution. The appellant contends that compliance with the Labor Relations Act would burden the exercise of its religious beliefs. Additionally, the appellant contends that the application of the Labor Relations Act to labor relations at religious schools would result in the State's excessive entanglement with religion. We disagree.

In Employment Div., Ore. Dept. of Human Resources v Smith (494 US 872, 878), the United States Supreme Court held that a generally applicable and otherwise valid regulatory law that was not intended to regulate religious conduct or beliefs and

that incidentally burdens the free exercise of religion does not violate the free-exercise clause of the First Amendment. The Labor Relations Act is a valid law of general applicability that was enacted for the purpose of encouraging collective bargaining (see, Labor Law §§ 700, 715). Thus, the incidental burden upon the free exercise of religion that results from its application to a religious school does not violate the free-exercise clause (see, Matter of Hill-Murray Fedn. of Teachers v Hill-Murray High School, 487 NW2d 857, 863 [Minn 1992]).

Furthermore, the application of the Labor Relations Act to a religious school does not violate the establishment clause of the First Amendment. The United States Supreme Court has acknowledged that "total separation is not possible in an absolute sense [and] some relationship between government and religious organizations is inevitable" (Lemon v Kurtzman, 403 US 602, 614). The application of the Labor Relations Act to a religious school does not result in an excessive entanglement of government with religion (see, Catholic High School Assn. v Culvert, 753 F2d 1161, 1167). Participation in collective bargaining will not alter or impinge upon the religious character of the appellant (see, Hill-Murray Fedn. of Teachers v Hill-Murray High School, supra, at 864). Moreover, if the appellant contends that it has a religious reason for an alleged unfair labor practice, the State is prohibited from challenging whether the motive is pretextual (see, Catholic High School Assn. v Culvert, supra). Hence, the State's minimal intrusion into the labor practices of the appellant to determine whether the appellant has violated the Labor Relations Act is permissible under the establishment clause (see, Hill-Murray Fedn. of Teachers v Hill-Murray High School, supra; Catholic High School Assn. v Culvert, supra). Bracken, J. P., Balletta, Pizzuto and Krausman, JJ., concur.